UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CORTEZ L. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 1:19CV35SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Cortez Jones' petition to vacate sentence under 28 U.S.C. § 2255, (Doc. #1) to which the government has filed a response in opposition, (Doc. #9).

## I. PROCEDURAL HISTORY

On April 9, 2016, at approximately 10:40 p.m., SEMO Drug Task Force Officers were conducting surveillance of a liquor store parking lot in Poplar Bluff, Butler County Missouri when they observed a suspicious vehicle. (Plea Stip, p. 2)[1] The officers followed the vehicle, which took off at a high rate of speed and then made a quick turn, pulling into the driveway of a nearby house. (Id. at pp. 2-3)

Based upon their suspicions, the officers stopped behind the vehicle in order to make contact with the occupants. (Id. at p. 3) The driver of the vehicle immediately got out and fled on foot with the officers in pursuit. (Id.) One of the officers who recognized the driver as Cortez L. Jones, ordered Jones to the ground and he complied. (Id.) Jones spontaneously stated as he was

[1] The written plea agreement and stipulation filed as Document # 36 in Cause 1:16CR131SNLJ

being handcuffed that he had ran because he did not have a license. (Id.) Jones was arrested for driving while suspended or revoked and a search incident to arrest was conducted. (Id.) Officers found an unused smoking pipe of the type commonly used to smoke methamphetamine. (Id.)

Officers searched along Jones' route of flight and discovered bags containing about a half an ounce of marijuana and a sock containing four bags with a total weight of 109 grams of methamphetamine. (Id.) The vehicle was impounded and was searched, with officers recovering a set of digital scales and a small amount of additional methamphetamine. (Id.)

Jones was advised of his rights per Miranda and agreed to speak with the officers. (Id.) Jones indicated that he had bought the methamphetamine earlier that evening and that he had taken it with him from the car and thrown it while running. (Id.) Jones indicated that he was going to split the drugs with two other individuals. (Id.)

Jones was indicted on December 15, 2016, and charged in one count with Possession of 50 grams or more of a mixture or substance containing methamphetamine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). (Doc # 1 in 1:16 CR 131 SNLJ) Jones pleaded guilty as charged on September 29, 2017, pursuant to a written plea agreement (Plea Stip). As a part of that written plea agreement, Jones acknowledged that he might be classified as a career offender, and that if he was, the base offense level would be 34 and the criminal history category would be VI. (Id. pp. 4-5)

Jones has countable convictions for Possession of a Controlled Substance in December of 2003 for which he ultimately got an eight year prison sentence (Doc # 44, ¶ 48)[2], a November 2009 conviction for Sale of a Controlled Substance, for which he got a six year sentence (Doc #

[2] Document # 44 in 1:16CR131SNLJ, the Presentence Report.

44, ¶ 49), and a April 2012 conviction for Distributing Marijuana for which he got a three year sentence (Doc # 44, ¶ 50). Due to Jones' two prior convictions for sale or distribution, he was in fact determined to be a career offender under U.S.S.G. Section 4B1.1(a). (Doc # 44, ¶ 28)

Jones' guidelines range was driven by the career offender classification, and with three levels off for acceptance of responsibility, the total offense level was 31 and the criminal history category was VI. (Doc 44, ¶ 81) The resulting advisory guidelines range was determined to be 188 – 235 months of incarceration. (Doc 44, ¶ 81) Jones did not object to either the factual allegations in the PSR, nor the guidelines calculations at the time of sentencing. (TRS Sent, pp. 2-3)

At the sentencing held on February 13, 2018, Jones counsel emphasized that Jones' career offender predicate felony drug trafficking convictions involved Jones distributing only "very small amounts" of marijuana, and argued that Jones' long struggle with substance abuse and non-violent criminal history justified a lower sentence. (TRS Sent, p. 5) Counsel also argued that Jones' age (40) and family situation made recidivism less likely in the future. (TRS Sent, pp. 5-6)

Jones then made a statement in allocution, wherein he spoke about his life, which had been "filled with struggles and adversity" and lamented his mistakes and the impact his sentence would have on his family. (TRS Sent, pp. 6-8) This Court clearly considered Jones' pleas for leniency, stating "I'm going to give you a little relief from the sentencing guidelines, but not what you would like". (TRS Sent, p. 9) This Court then sentenced Jones to a term of 180 months, slightly less than the 188 months recommended as the bottom of the guidelines range. (TRS Sent, pp. 9-10) Jones did not object to the sentence at the time it was passed. (TRS Sent, p.

12)

Jones was advised of his right to appeal (TRS Sent, p. 11), but did not file a notice of appeal. Jones did file a petition to vacate the sentence under Section 2255 herein.

## II. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. §2255 provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under §2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. Id. at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

In order to prevail on a theory of ineffective assistance of counsel, the Movant must demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" ". *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (*citing Strickland, 466 U.S. at 689*)

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome". (Id.) However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997)

Counsel cannot be considered to be ineffective for failing to raise issues upon which a

defendant would not have prevailed. *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) Nor is an attorney under an obligation to pursue an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988). Although Counsel always has a duty to hold the government to its high burden of proof, there are limitations to a criminal defense.

> "Of course, the Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade".
>
> *United States v. Chronic*, 104 S.Ct. 2039, 2045, FN 19 (1984).

## III. DISCUSSION[3]

**A. The Record Clearly Reflects that Jones was Aware of the Nature of the Charges.**

Jones first alleges that he was "clueless" as to the nature of the crime for which he was accused, and that his attorney never reviewed the indictment with him and never explained the details of the offense conduct for which he had been charged. (Doc # 1, p. 3) These allegations are clearly refuted by the record.

The written plea agreement that Jones signed lists both the elements of the offense and a factual basis for the plea, which clearly put Jones on notice of what the allegations against him were. (Plea Stip, pp. 2-3) This Court also reiterated those points with him prior to accepting his plea. After confirming that Jones had in fact signed the plea stipulation, the Court inquired:

> Court: Have you read the agreement?
>
> Jones: Yes, sir.

[3] Jones' Pro Se Section 2255 Motion is organized in such a manner as to make it difficult to address each ground in order. Jones repeats his complaints in more than one place and weaves unrelated allegations into his primary arguments. This Court has attempted to deal with all of these issues in a systematic manner, but that does not necessarily reflect the order in which Jones has raised them.

Court: Have you gone over it in detail with your lawyer?

Jones: Yes, sir.

Court: Has he explained the contents of the agreement in detail to you?

Jones: Yes, sir.

Court: And do you understand the contents of the agreement?

Jones: Yes, sir.

Court: Is there anything in here that you do not understand?

Jones: No, sir.

(TRS Plea, p. 6)

This Court also covered the elements of the offense with Jones directly.

Court: I'm going to go through the elements with you specifically. That's on Page 2, Paragraph 3. Do you admit that you possessed methamphetamine, that you knew it was methamphetamine and that you intended to distribute some or all of it to another person or persons? Do you admit all that?

Jones: Yes, sir.

Court: Do you also admit that the amount of methamphetamine was more than 50 grams? Do you admit that too?

Jones: Yes, sir.

(TRS Plea, p. 12)

Likewise this Court requested the government to recite the factual basis for the plea, reiterating the allegations against him. After the reading of the factual basis (set out above), this Court inquired of Jones on the record:

Court: All right. Have you heard the statements from the prosecutor?

Jones: Yes, sir.

Court: Is everything he said true and correct?

Jones: Yes, sir.

Court: Do you admit that you did all those acts he described then?

Jones: Yes, sir.

Court: There's no question about it, is there?

Jones: No, sir.

(TRS Plea, p. 12)

As a practical matter, Jones was apprehended by police officers with a large amount of methamphetamine. After being advised of his Miranda rights, and waiving the same, Jones confessed to officers that he possessed the drugs with the intent to divide it with two other people. (Plea Stip, p. 3) Jones had two prior convictions for distributing controlled substances before he committed this offense. Under the circumstances, Jones assertion that he did not understand the nature of the possession with intent to distribute charge here is simply ridiculous.

Thus the record reflects that Jones was fully aware of the charge against him, understood the nature of that charge and was well aware of the facts which supported that charge prior to pleading guilty. This allegation is without merit, and should be dismissed without the necessity of a hearing.

**B. The Record Clearly Reflects That Jones Was Provided Discovery.**

Jones makes numerous allegations that he received ineffective assistance of counsel in that he was not provided with discovery in the case. Among those claims are; that "Counsel

never informed me through a review of the discovery what evidence was being used against me" (Doc # 1, p. 4.), "I never reviewed "any" of the Discovery evidence against me." (Doc # 1, p. 7), "...Counsel never discussed any of the information presented by the Government through discovery", and "Defendant has never been presented the discovery information by Counsel." (Doc # 1, p. 19).

These allegations are patently false. Jones' counsel was provided discovery by the United States and thoroughly discussed the government's evidence with him. As a part of the pre-trial process, Jones' attorney filed a written waiver of pretrial motions stating that he had provided a copy of the discovery materials to Jones and then personally reviewed and discussed said discovery materials with Jones. (Doc # 23, cause 1:16 CR 131 SNLJ) During a hearing on Jones' waiver of his rights to have pretrial motions, the Court specifically inquired of Jones.

> Court: And good morning to you, Mr. Jones. We're here because on your behalf your attorney has filed a statement regarding pretrial motions. And in this statement he indicates that the two of you have looked at the discovery from the government -- that's the evidence they intend to use against you at trial -- and you've talked about it, and ultimately decided that there are no issues you want to raise in a pretrial motion. Is that correct?
>
> Jones: Yes, ma'am.
>
> (TRS Waiver of Motions Hearing, p. 2)

Jones' trial counsel, at the direction of the Court has prepared an affidavit addressing Jones' allegations of ineffective assistance of counsel[4], and has stated that as is his custom, counsel did provide Jones with the discovery, went over that discovery with Jones and only then filed the waiver of pretrial motions after Jones had decided not to proceed with motions. (Exhibit

[4] Defense Counsel's Affidavit is attached and Incorporated here in as Exhibit A.

A, ¶ 8) Counsel's account of that proceeding is perfectly compatible with the record, while Jones' is clearly not.

If, as Jones claims, Counsel had never provided him with, or discussed with him the discovery in the case, Jones never made an effort to bring that to the Court's attention. In addition to confirming at the pretrial motions waiver that he had both seen and discussed the discovery with his attorney, Jones also indicated at the time of the plea that he was satisfied with his attorney's performance, which supports the contention that Jones had both been provided discovery and had ample opportunity to discuss it with counsel.

> Court: Because this is a criminal case you're entitled to effective representation from a lawyer at each stage of the proceedings against you: Do you understand that?
>
> Jones: Yes, sir.
>
> Court: With that in mind I'll ask you are you satisfied with the way your lawyer has handled your case?
>
> Jones: Yes, sir.
>
> Court: Has he investigated the case to your satisfaction?
>
> Jones: Yes, sir.
>
> Court: Has he done everything you've asked him to do then?
>
> Jones: Yes, sir.
>
> Court: No gripes or complaints whatsoever?
>
> Jones: No, sir.
>
> (TRS Plea, pp. 3-4)

As the record clearly reflects that Jones was provided with discovery, this allegation is also without merit and will be dismissed without the necessity of an evidentiary hearing.

**C. Jones was Properly Classified as a Career Offender.**

Jones next asserts that he received ineffective assistance of counsel in that his attorney did not provide "an affirmative defense to the improper inclusion of enhancements" relating to his career offender status. (Doc # 1, p. 4) Again, the record does not reflect this to be the situation.

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. (USSG, § 4B1.1), A controlled substance offense is defined in the Guidelines as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." (U.S.S.G. § 4B1.2(b)).

Jones has two qualifying prior offenses, a 2009 conviction for sale of a controlled substance (more than five grams of marijuana) for which he received a six year prison sentence (Doc # 44, ¶ 49) and a 2012 conviction for distributing not more than five grams of marijuana, for which he received a three year prison sentence. (Doc # 44, ¶ 50) Clearly, both of those offenses meet the requirements of Section 4B1.2(b). See also; *United States v. Reid*, 887 F.3d 434 (8th Cir. 2018)(Defendant's prior Missouri convictions for attempted possession of

controlled substance with intent to deliver not more than five grams of marijuana, and delivery of not more than five grams of marijuana, satisfied the definition of controlled substance offense under career offender provision of Sentencing Guidelines)

Jones' attorney reviewed the presentence report, investigated Jones criminal history and concluded that the Guidelines had been accurately applied. (Exhibit A, ¶ 7) Jones is entitled to have his counsel responsibly discharged his duty, which he did, but counsel is not obligated to pursue unfruitful investigations or objections. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir.

1988).

Jones larger problem in this respect is that he fails to identify which one of his prior convictions he alleges was not a predicate for career offender treatment, or why. Jones makes several unsupported assertions that his attorney failed to object to the offensive conviction, (Doc # 1, pp. 4, 5, 15, 19), but identifies it only as "one of my prior convictions" (Doc # 1, p. 19). Under these circumstances, Jones has not demonstrated that he was prejudiced by his attorney's failure to object to his classification as a career offender. The record reflects that Jones was properly classified as a career offender, and as such these allegations should be dismissed without the necessity of an evidentiary hearing as well.

**D. Jones Fails to Identify any Mitigating Evidence or Factors his Counsel Allegedly Failed to Submit or Argue.**

Jones also alleges that he received ineffective assistance of counsel in that his attorney erred in allowing "evidence" into the record, and erred in "not explaining any of the details of the offense conduct" (Doc #, 1, p. 7). Jones fails to identify specifically what evidence this

consists of, or explaining exactly how the omissions on his attorney's part prejudiced his case in any fashion. The underlying facts of the case were presented to the Court in the written plea stipulation which Jones both signed, and then ratified under oath during the plea colloquy. (Plea Stip, pp. 2-3)(TRS Plea, p. 12) Jones failed to object to either the facts or the sentencing guidelines calculations at the time of sentencing, and does not identify the alleged errors in his Section 225 petition.

As such these allegations are not supported by the record and these grounds will also be dismissed without the necessity for an evidentiary hearing.

**E. No Credible Evidence That Jones Requested Counsel to File a Notice of Appeal.**

Jones' most significant allegation is that he "persistently directed counsel to appeal" and that counsel failed to do so. (Doc # 1, p. 20) Jones also states that "There is no evidence to which the United States can point in the record to confirm or refute this assertions, so, therefore a hearing on these issues are required." (Doc # 1, p. 21) Normally this would be true, as failure to file a requested notice of appeal constitutes ineffective assistance of counsel, (*Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)), and where petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record "affirmatively refutes the factual assertions upon which the claim is based". (*Watson at* 964).

Although Jones' asserts that there is no evidence to refute his claim that he "persistently directed counsel to appeal", the record clearly shows this to be false. On February 13, 2018, Jones signed a Notice of Compliance with Local Rule 12.07(A) form stating;

> "I have been fully informed on my right to appeal the final judgment in this case, I do not wish to file a notice of appeal, and I have instructed my attorney not to file a notice of appeal."
>
> (Document # 50, Cause 1:16 CR 131 SNLJ)[5]

This is certainly consistent with the rest of the record. Jones did not object to his classification as a career offender in the Presentence Report, nor did he object to the sentence on that basis at the time it was imposed. Jones' counsel indicates in his affidavit that "I advised Mr. Jones not to appeal and he never requested I do so." (Exhibit A, Para. 11) Perfectly consistent with that statement on Counsel's part is the delay in filing the notice. Counsel states that:

> "It is my practice to review with my clients their rights to appeal in every case. I did this with Mr. Jones. The fact that the document was filed on February 27, 2018, fourteen days after the sentencing date, indicates that I held the document in case Mr. Jones decided to change his mind regarding his appellate rights. I instructed him to contact me immediately should he decide within the next fourteen days that he wanted to appeal. I was never contacted about filing an appeal in his case."
>
> (Exhibit A, para. 12)

Jones relies upon *Watson* for the proposition that he should receive a hearing, however Watson is clearly distinguishable from the case at bar however, as in *Watson*'s case the Court of Appeals found that there was no evidence in the record to contradict Watson's assertion that he requested an appeal. *Watson*, 493 F.3d 960, 964.

Section 2255(b) requires an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' No hearing is necessary 'if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the

[5] A copy of the Notice is attached hereto and incorporated herein as Exhibit B.

record, inherently incredible, or conclusions rather than statements of fact.'

In this instance, Jones' allegations that counsel refused to file a notice of appeal are simply not credible given the facts and circumstances, and those allegations are clearly contradicted by the record. As such, Jones is not entitled to an evidentiary hearing on this ground either.

## IV. CONCLUSION

For the reasons set out above it plainly appears from the face of the motion and the record that the movant is not entitled to relief in this Court. Accordingly, this Court denies the Movant's Section 2255 Petition by summarily dismissing the same without a hearing.

SO ORDER this 16th day of June, 2020

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

In the United States District Court )
Eastern District of Missouri )
Southeastern Division )




**AFFIDAVIT**

I, Michael A. Skrien, after being duly sworn, do hereby make the following affidavit:

1. I am employed as an Assistant Federal Public Defender in Cape Girardeau, Missouri.

2. On June 27, 2017, I was appointed by United States Magistrate Judge Abbie Crites-Leoni to represent Mr. Jones and continued representing him throughout his criminal case.

3. Mr. Jones pled guilty and on February 13, 2018, was sentenced to 180 months B.O.P.

4. On March 1, 2019, Mr. Jones filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Case No. 1:19 cv 00035 SNLJ, doc # 1, hereinafter "2255 doc #1") alleging he received ineffective counsel.

5. On June 10, 2019, the court ordered undersigned counsel to prepare an affidavit, addressing Mr. Jones' concerns without regard to privileged communications, finding that Mr. Jones had waived the privilege by virtue of raising allegations of ineffective counsel (doc # 7).

6. Undersigned counsel has reviewed the allegations contained in Mr. Jones' motion.

7. It appears that Mr. Jones has three complaints with respect to my representation. As to the first allegation, Mr. Jones claims I did not "offer an affirmative defense to the improper inclusion of enhancements that greatly exaggerated the elements of the crime, and lead to a sentence not consistent to the actual crime; and relevant conduct." (2255 doc #1, page 4). I believe this to be an accusation that I did not attack the predicate offenses that gave rise to his designation as a Career Offender. I reviewed the predicate offenses and believed them to be accurately applied. They are each for unlawful distribution of illegal drugs and within the time frame boundaries of the guidelines (PSR ¶¶ 49 and 50).

8. Mr. Jones also claims in a different section of his motion that I failed to review discovery with him. This is simply not true. I review discovery in every case with my clients and go over the evidence the government has. After I reviewed the discovery with Mr. Jones, and his decision not to file pretrial motions was made, I filed a statement with the court indicating that intention (doc # 23). After that filing, and on August 15, 2017, Mr. Jones indicated on the record and under oath that we had reviewed the discovery and that after that review, he decided not to file pretrial motions (see docket entry # 28).

9. The second allegation seems to claim that I failed to present mitigating evidence to the court on Mr. Jones' behalf to "counter the factors presented in the PSR, nor challenge factors which increased my sentence as a Career Offender…" (2255 doc #1). Although I do not recall without reviewing a transcript what I presented at sentencing, it is my

practice and duty to present mitigation at a criminal sentencing. My notes in the case file identify items I would have used and suggest I offered mitigation at sentencing.

10. The third allegation claims I erred by "allowing into the record, and the sentencing phases evidence that did not represent the nature of the offense being charged by not explaining any of the details of the offense conduct I was charged with. I was clueless as to the nature of the crime I was alleged of, and he never reviewed my indictment with me to understanding the charges." (2255 doc #1). I take this to mean more than one allegation; that I failed to adequately address the nature and circumstances of the offense in the best light and most favorable to Mr. Jones, and that I did not review the indictment with him. As to the first allegation, I do not recall what I stated as to the nature and circumstances of the instant offense. As to the claim that I failed to review the indictment with him. This is not true. It would have been reviewed with him by me and/or the court, and I have no recollection or notes to indicate any problem Mr. Jones had understanding the indictment or the charges against him.

11. Finally, as to appealing each of the claims stated in his motion, Mr. Jones claims I told him he had no reason to file an appeal. This much is true. It is also indicative that we did, in fact, discuss his appellate rights. I saw no viable ground to appeal. He claims I told him he would get more time if he did so. This I did not say, although I likely reminded Mr. Jones that the government had withdrawn their 851 notice to enhance his sentence, which would have increased his guideline range from 188-235 to 262-327. I advised Mr. Jones not to appeal and he never requested I do so.

12. Also noteworthy is that while reviewing my case file, I found a signed Notice of Compliance with Local rule 12.07(a) (doc # 50). It is my practice to review with my clients their rights to appeal in every case. I did this with Mr. Jones. The fact that the document was filed on February 27, 2018, fourteen days after the sentencing date, indicates that I held the document in case Mr. Jones decided to change his mind regarding his appellate rights. I instructed him to contact me immediately should he decide within the next fourteen days that he wanted to appeal. I was never contacted about filing an appeal in his case.

FURTHER, AFFIANT SAYETH NOT

MICHAEL A. SKRIEN

Subscribed and sworn to before me this

26th day of June, 2019.

ASHLEY M. THURMAN
Notary Public, Notary Seal
State of Missouri
Cape Girardeau County
Commission # 14117079
My Commission Expires 04-06-2022

Notary Public, State of Missouri

County of Cape Girardeau




UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) Case No. 1:16 CR 131 SNLJ
)
Cortez Jones, )
)
Defendant. )

**NOTICE OF COMPLIANCE WITH LOCAL RULE 12.07(A)**

Comes now counsel for the above named Defendant and, pursuant to Local Rule 12.07, notifies the Court as follows:

☐ **A Notice of Appeal will be filed by defense counsel within the time allowed by law.**

☒ **Defense counsel has explained to defendant his/her right to appeal and defendant has not requested that counsel file a Notice of Appeal.**

☐ **The defendant declines to sign this notice.**

**(Note: Defense counsel should check the appropriate box(es) above.)**

2-13-18
Date

Michael Skrien
Signature of Attorney

☒ **I have been fully informed of my right to appeal the final judgment in this case, I do not wish to file a Notice of Appeal, and I have instructed my attorney not to file a Notice of Appeal.**

2-13-18
Date

[signature]
Signature of Defendant